[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence November 3, 1995 Date of Application November 30, 1995 Date Application Filed November 30, 1995 Date of Decision August 27, 1996
 Application for review of sentence imposed by the Superior Court Judicial District of Ansonia-Milford.
Docket Nos. CR91-2728, CR 91-2729 and CR91-4995.
 Andrew Bottinick, Esq., Special Public Defender for Petitioner.
Mary M. Galvin, Esq., State's Attorney for the State.
BY THE DIVISION
The petitioner is seeking a review of a sentence of 4 1/2 years imposed in connection with three counts of violation of probation on three files. He had been arrested, charged and convicted by way of a plea to possession of drugs with intent to sell charges in three files November 11, 1990. The court imposed a sentence of 8 years suspended after 3 1/2, concurrent on all files. He was given a conditional release on February 8, 1991 and in October of 1995, he was charged with violation of probation by reason of his arrest on a possession charge, failure to report to probation and failure to obtain substance abuse evaluation. After a court trial the petitioner's probation was terminated and he was given a 4 1/2 sentence on all files.
Counsel for the petitioner raised a number of matters, a number of which are not germane to sentence review. These involve the denial of his request for a continuance on the day the case was heard, the fact that his violation of probation conviction rested only on the failure to report count and that the possession charge and these charges were really the result of the petitioner's desire to assist law enforcement officers. The factual background is that the petitioner was to make a buy of CT Page 5253-P narcotics on behalf of the police, but after being given police money to make the buy and having made the buy, petitioner retained half of the purchased drugs for himself. The result was the possession charge, which was nolled, in light of the imposed sentence. In addition, the petitioner was a repeating no show when it came to reporting to his probation officer.
Petitioner's counsel emphasized the fact that his client was gainfully employed from his release in 1991 to June of 1995. And finally, counsel pointed out that sentencing took place on the same day the conviction occurred, leaving little time for the sentencing court to reflect on the sentence imposed.
The petitioner addressed the division and said he took responsibility for his actions. He said he had wasted the past 20 years and would not waste the next 20.
The state's attorney asked that we consider that the petitioner acquiesced to the original sentence of 8 suspended after 4 1/2 and that he never reported from November of 1993 to June of 1993. Furthermore, he failed to demonstrate he had obtained the substance abuse evaluation set as a condition of his probation. We are urged to increase his sentence by placing petitioner back on probation for an additional period with the same conditions as those set in the original sentence. In all other respects the state claims the sentence imposed was fair and proportionate in light of the sentence which might have been imposed if the sentencing court had elected to run the terms consecutive to one another in each file.
In considering all the factors set forth in P.B. § 942, we conclude that the sentence imposed was proportionate and not excessive. The sentencing court was faced with repeated fragrant refusals of the petitioner to adhere to the condition of reporting. The probation officer charged with petitioner's case exercised considerable restraint and patience in attempting to get him to report. The sentencing court heard all the evidence at the violation of probation hearing and even gave the petitioner's brother a chance to request treatment for the petitioner for his addiction.
Accordingly, the sentence is affirmed.
Stanley, J.
CT Page 5253-Q
Purtill, J.
Klaczak, J.
Stanley, J., Purtill, J. and Klaczak, J. participated in this decision.